```
RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED___
LOCAL RULE 4.1____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*******************************************
DEANNA WOODS                    *
                                *
            Plaintiff           *
                                *
VS.                             *   Civil Action No._____
                                *
NICOLAS MARCANO                 *     04-10            DPW
AND                             *
CARLETON PETERS D/B/A           *
LIBERTY TOWING COMP.            *
            Defendant           *   MAGISTRATE JUDGE_____
*******************************************
```

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. By this action, Deanna Woods, (hereinafter the Plaintiff) seeks compensatory damages from the named Defendants for injuries sustained as a result of a motor vehicle accident which occurred on October 26, 2002 in Brighton, Massachusetts.

### PARTIES AND JURISDICTION

2. Plaintiff, Deanna Woods, is a natural person and citizen of the State of New Hampshire residing at 2 South Avenue, Apartment 5, Derry, New Hampshire.

3. Nicolas Marcano, hereinafter the Defendant Marcano, is a natural person and a citizen of the Commonwealth of Massachusetts residing at 11 Dennis Street, Roxbury, Massachusetts.

4. Carleton Peters, d/b/a Liberty Towing Company, hereinafter Defendant Peters, is a natural person and citizen of the Commonwealth of Massachusetts residing at 32 Atherton Road, Brookline, Massachusetts.

5. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1332 in that the matter in controversy exceeds the sum of Seventy Five Thousand ($75,000.00) Dollars, exclusive of interests and costs, and the action is between citizens of different states.

## PLAINTIFF'S CLAIM

6. On October 26, 2002, Plaintiff was a passenger in a motor vehicle being operated by Vanessa Woods in a generally easterly direction on Brighton Avenue in Brighton, Massachusetts.

7. At all times pertinent to this action, Vanessa Woods was operating her vehicle in a prudent, safe and reasonable manner and in compliance with the Traffic Regulations and the Rules of the Road of the Commonwealth of Massachusetts.

8. That at the above-mentioned time and place, the Defendant Marcano was an employee of Carleton Peters, d/b/a Liberty Towing Company, and was operating a tow truck which was owned by Defendant Peters in a generally easterly direction on Brighton Avenue in Brighton, Massachusetts; Defendant Marcano was operating said vehicle directly behind Vanessa Woods' vehicle.

9. Vanessa Woods was stopped with her left turn signal activated, waiting to make a left hand turn onto Malvern Street. At that time and place, the Defendant Marcano, who was directly behind Vanessa Woods' vehicle, also attempted to take a left hand turn onto Malvern Street and in doing so, caused the tow truck to strike the left front side of Vanessa Woods' vehicle.

## COUNT I

*IN A PLEA OF THE CASE*, the Plaintiff realleges and incorporates herein the averments set forth in Paragraphs 1 through 9 above and states further:

10. That the Defendant Marcano owed the Plaintiff a duty of reasonable care to operate the tow truck vehicle in a prudent, safe and reasonable manner and in compliance with the Traffic Regulations and Rules of the Road of the Commonwealth of Massachusetts.

2

11. That the Defendant Marcano breached his duty of reasonable care by failing to maintain reasonable vigilance and proper control over his motor vehicle at all times, and/or by failing to operate his motor vehicle at a reasonable rate of speed under the circumstances, and/or by failing to operate his motor vehicle in a prudent and safe manner, and/or by failing to keep a proper lookout for other vehicles, and/or by failing to allow Vanessa Woods to make her left hand turn onto Malvern Street, and/or by failing yield the right-of-way to other vehicles on the roadway.

12. That as a direct, proximate and foreseeable result of the Defendant Marcano's breach of some or all of the above-mentioned duties of reasonable care, the Defendant caused and/or allowed, and/or failed to prevent his motor vehicle from entering Vanessa Woods' lane of travel thereby causing his vehicle to strike the left front side of Vanessa Woods' vehicle.

13. That as a direct, proximate and foreseeable result of the Defendant Marcano's negligent operation of his motor vehicle, and the resulting collision as set forth above, Plaintiff suffered has suffered and incurred pain of both mind and body and she will continue to suffer from said pain in the future and as a result of his injuries, has incurred medical care, treatment and expenses, lost wages and lost earning capacity, all of which will also continue into the future; and the Plaintiff's permanent physical injuries have hampered, and will continue to hamper her in her enjoyment of the pursuits and pleasures of life, including, but not limited to, her ability to interact with her family and friends in a meaningful fashion and to otherwise engage in social, familial or recreational pursuits, free from the physical and emotional constraints imposed upon her as a result of Defendant Marcano's negligence.

14. That at all pertinent times herein, Nicolas Marcano was in the employ of Carleton Peters d/b/a Liberty Towing Company and acting within the scope of his employment, for the benefit of Carleton Peters d/b/a Liberty Towing Company.

## *COUNT II*

**IN A PLEA OF THE CASE**, the Plaintiff realleges and incorporates herein the averments set forth in Paragraphs 1 through 14 above and further states:

15.    That as a result of his employee's negligent acts, Carleton Peters d/b/a Liberty Towing Company is liable for said negligence and the resulting damages to the Plaintiff.

## *COUNT III*

**IN A PLEA OF THE CASE**, the Plaintiff realleges and incorporates herein the averments set forth in Paragraphs 1 through 15 above and states further:

16.    That Carleton Peters d/b/a Liberty Towing Company owed Plaintiff a duty of reasonable care in instructing and/or supervising its employees.

17.    **YET, NEVERTHELESS**, and in breach of his duty aforesaid, Carleton Peters d/b/a Liberty Towing Company failed to exercise reasonable care in instructing and/or supervising Nicolas Marcano as a tow truck operator, and/or in monitoring his age and driving ability, to wit:  Carleton Peters d/b/a Liberty Towing Company failed to instruct Nicolas Marcano in safe driving techniques/procedures; and/or Carleton Peters d/b/a Liberty Towing Company failed to monitor the activities of Nicolas Marcano to ensure he conducted his driving activities in a safe, prudent and lawful manner; and/or failed to monitor his age and his driving ability.

18.    That as a direct, proximate and foreseeable result of Carleton Peters d/b/a Liberty Towing Company's breach of its duty of reasonable care, Nicolas Marcano caused the automobile accident set forth herein.

19.    That as a further direct, proximate and foreseeable result of Carleton Peters d/b/a Liberty Towing Company's negligence, the Plaintiff has suffered and incurred pain of both mind and body, and she will continue to suffer from said pain in the future; and as a result of her injuries, she has incurred medical care, treatment and expenses, lost wages and lost earning capacity, all of which will also continue into the future; and Plaintiff's permanent physical injuries have hampered, and will continue to hamper her in her enjoyment of the pursuits and pleasures of life, including, but not limited to, her ability to interact

with her family in a meaningful fashion, and to otherwise engage in social, familiar or recreational pursuits, free from the physical and emotional constraints imposed upon her as a result of Carleton Peters d/b/a Liberty Towing Company's negligence.

**WHEREFORE**, Plaintiff, Deanna Woods, respectfully requests that this Honorable Court:

    A.    Grant judgment against the Defendants in an amount to be determined, plus interest and costs; and

    B.    Grant such other and further relief as may be just and equitable.

<u>**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**</u>

Respectfully submitted,

Deanna Woods
By her Attorneys,
**Solomon Professional Association**

Date: 2·27·04

By: _____
Elaine M. Kennedy BBO: 641037
One Buttrick Road
P.O. Box 937
Londonderry, NH 03053
(603) 437-3700