# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEANNA WOODS<br>    Plaintiff<br><br>v.<br><br>NICOLAS MARCANO and<br>CARLETON PETERS d/b/a<br>LIBERTY TOWING COMP.,<br>    Defendant | **CIVIL ACTION**<br><br>No: 04 CV 10431-DPW |

## ANSWER OF DEFENDANTS, NICOLAS MARCANO AND CARLETON PETERS D/B/A LIBERTY TOWING COMPANY, TO PLAINTIFF'S, COMPLAINT AND DEMAND FOR JURY TRIAL

Now come the Defendants, Nicolas Marcano and Carleton Peters d/b/a Liberty Towing Company, and by their attorney answer the Plaintiff's Complaint as follows:

1. As this paragraph contains no allegations, the Defendants offer no answer.

2. The Defendants allege they are without knowledge sufficient to form a belief as to the facts alleged in paragraph one of Plaintiff's Complaint and therefore neither admit nor deny all the allegations of said paragraph.

3. The Defendants admit the allegations of paragraph three of Plaintiff's Complaint.

4. The Defendants admit the allegations of paragraph four of Plaintiff's Complaint.

5. The Defendants admit the allegations of paragraph five of Plaintiff's Complaint.

6. The Defendants admit the allegations of paragraph six of Plaintiff's Complaint.

7. The Defendants deny the allegations of paragraph seven of Plaintiff's Complaint.

8. The Defendants admit so much of paragraph eight of the Plaintiff's Complaint as states that Nicolas Marcano was an employee of Carleton Peters d/b/a Liberty

Towing, and was operating a tow truck which was owned by the defendant, Peters, in a generally easterly direction on Brighton Avenue in Brighton, Massachusetts. The Defendants deny the remaining allegation contained in paragraph eight of the Plaintiff's Complaint.

9. The Defendants deny the allegations of paragraph nine of Plaintiff's Complaint.

## COUNT I

The Defendants restate and incorporate their answers to the allegations contained in paragraphs one through nine of the Plaintiff's Complaint, and state further:

10. The Defendants admit the allegations of paragraph ten of Plaintiff's Complaint.

11. The Defendants deny the allegations of paragraph eleven of Plaintiff's Complaint.

12. The Defendants deny the allegations of paragraph twelve of Plaintiff's Complaint.

13. The Defendants deny the allegations of paragraph thirteen of Plaintiff's Complaint.

14. The Defendants admit the allegations of paragraph fourteen of Plaintiff's Complaint.

## COUNT II

The Defendants restate and incorporate their answers to the allegations contained in paragraphs one through fourteen of the Plaintiff's Complaint, and state further:

15. The Defendants deny the allegations of paragraph fifteen of Plaintiff's Complaint.

## COUNT III

The Defendants restate and incorporate their answers to the allegations contained in paragraphs one through fifteen of the Plaintiff's Complaint, and state further:

16. The Defendants admit the allegations of paragraph sixteen of Plaintiff's Complaint.

17. The Defendants deny the allegations of paragraph seventeen of Plaintiff's Complaint.

18. The Defendants deny the allegations of paragraph eighteen of Plaintiff's Complaint.

19. The Defendants deny the allegations of paragraph nineteen of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Defendants state that the Plaintiff has failed to join as a party one or more persons or entities necessary for a complete adjudication of the matters in controversy in this action.

### SECOND AFFIRMATIVE DEFENSE

The Defendants state that the injuries and damages allegedly sustained by the Plaintiff were not caused by a person or persons for whose conduct the Defendants were legally responsible.

### THIRD AFFIRMATIVE DEFENSE

The Defendants state that if the Plaintiff suffered any injury or damage, which the Defendants specifically deny, such damage was caused by the intervening and superseding acts or omissions of parties other than the Defendants, which said Defendants could not have reasonably foreseen.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate her damages, if any, in a reasonable manner.

### FIFTH AFFIRMATIVE DEFENSE

The Defendants say that this action is barred under the provisions of Massachusetts General Laws, chapter 231, section 6D.

## SIXTH AFFIRMATIVE DEFENSE

The Defendants state that they are exempt from tort liability for damages to the Plaintiff to the extent provided under Chapter 90, Section 34M of the Massachusetts General Laws and that any damages recovered by the Plaintiff should be reduced to the extent of benefits paid to the Plaintiff under the provisions of Chapter 90, Sections 34A through M of the Massachusetts General Laws.

### DEFENDANTS, NICOLAS MARCANO AND CARLETON PETERS D/B/A LIBERTY TOWING COMPANY, DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Defendants,
Nicolas Marcano and Carleton Peters d/b/a
Liberty Towing Company,
By their attorney,

_____
Terence P. Reilly
Law Office of Brian M. Cullen
100 Summer Street, Suite 201
Boston, MA 02110-2106
(617) 772-2800
B.B.O. #555372

Dated: 3-26-2004

I certify that on 3-26-2004 a true copy of the above document was served on the attorney of record for each other party by first class mail. _____