# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEANNA WOODS )<br>    Plaintiff )<br>)<br>v. )<br>)<br>NICOLAS MARCANO and )<br>CARLETON PETERS d/b/a )<br>LIBERTY TOWING COMP., )<br>    Defendant )<br>)<br>v. )<br>)<br>ELIZABETH ANDERSON and )<br>VANESSA WOODS, )<br>    Third Party Defendants ) | **CIVIL ACTION**<br><br>**No: 04 CV 1431** |

## THIRD PARTY COMPLAINT

1. Nicolas Marcano and Carleton Peters d/b/a Liberty Towing Company is each a defendant in a tort action alleging personal injury brought by the plaintiff, Deanna Woods.

2. Third-party defendant, Elizabeth Anderson, is a natural person and citizen of the State of New Hampshire residing at 2 South Avenue, Apartment 5, Derry, New Hampshire.

3. Third-party defendant, Vanessa Woods, is a natural person and citizen of the State of New Hampshire residing at 5 South Avenue, Derry, New Hampshire.

4. Deanna Woods alleges that on October 26, 2002, Nicolas Marcano, while acting as an agent of Carleton Peters d/b/a Liberty Towing Company, breached his duty of reasonable care in operating a motor vehicle so as to directly and proximately cause Deanna Woods personal injury.

5. At the time of the motor vehicle accident that is the subject of the plaintiff's complaint, Deanna Woods was a passenger in a vehicle owned by Elizabeth Anderson and operated by Vanessa Woods.

### COUNT I   CONTRIBUTION (Marcano v. Vanessa Woods)

6. Nicolas Marcano restates and incorporates the allegations contained in paragraphs one through five of this third-party complaint.

7. The accident at issue and the damages alleged by Deanna Woods were the proximate result of the negligence of Vanessa Woods. If Nicolas Marcano is liable to Deanna Woods as is alleged in the plaintiff's complaint, and is denied by Nicolas Marcano, then Vanessa Woods is liable to Nicolas Marcano for contribution pursuant to Massachusetts General Law c. 231B.

Wherefore, Nicolas Marcano demands judgment of Vanessa Woods for contribution pursuant to Massachusetts General Law c. 231B.

### COUNT I I   CONTRIBUTION (Peters v. Vanessa Woods)

6. Carleton Peters d/b/a Liberty Towing Company restates and incorporates the allegations contained in paragraphs one through five of this third-party complaint.

7. The accident at issue and the damages alleged by Deanna Woods were the proximate result of the negligence of Vanessa Woods. If Carleton Peters d/b/a Liberty Towing Company is liable to Deanna Woods as is alleged in the plaintiff's complaint, and is denied by Carleton Peters d/b/a Liberty Towing Company, then Vanessa Woods is liable to Carleton Peters d/b/a Liberty Towing Company for contribution pursuant to Massachusetts General Law c. 231B.

Wherefore, Carleton Peters d/b/a Liberty Towing Company demands judgment of Vanessa Woods for contribution pursuant to Massachusetts General Law c. 231B.

### COUNT III   CONTRIBUTION (Marcano v. Anderson)

8. Nicolas Marcano restates and incorporates the allegations contained in paragraphs one through five of this third-party complaint.

9. Elizabeth Anderson is legally responsible for the actions of Vanessa Woods as they relate to the motor vehicle accident that is the subject of the plaintiff's complaint pursuant to Massachusetts General Law c. 231, §85A.

10. The accident at issue and the damages alleged by Deanna Woods were the proximate result of the negligence of Elizabeth Anderson's agent, Vanessa Woods. If Nicolas Marcano is liable to Deanna Woods as is alleged in the plaintiff's complaint, and is denied by Nicolas Marcano, then Elizabeth Anderson is liable to Nicolas Marcano for contribution pursuant to Massachusetts General Law c. 231B.

Wherefore, Nicolas Marcano demands judgment of Elizabeth Anderson for contribution pursuant to Massachusetts General Law c. 231B.

### COUNT IV   CONTRIBUTION (Peters v. Anderson)

8. Carleton Peters d/b/a Liberty Towing Company restates and incorporates the allegations contained in paragraphs one through five of this third-party complaint.

9. Elizabeth Anderson is legally responsible for the actions of Vanessa Woods as they relate to the motor vehicle accident that is the subject of the plaintiff's complaint pursuant to Massachusetts General Law c. 231, §85A.

10. The accident at issue and the damages alleged by Deanna Woods were the proximate result of the negligence of Elizabeth Anderson's agent, Vanessa Woods. If Carleton Peters d/b/a Liberty Towing Company is liable to Deanna Woods as is alleged in the plaintiff's complaint, and is denied by Carleton Peters d/b/a Liberty Towing Company, then Elizabeth Anderson is liable to Carleton Peters d/b/a Liberty Towing Company for contribution pursuant to Massachusetts General Law c. 231B.

Wherefore, Carleton Peters d/b/a Liberty Towing Company demands judgment of Elizabeth Anderson for contribution pursuant to Massachusetts General Law c. 231B.

Nicolas Marcano and Carleton Peters d/b/a
Liberty Towing Company by their attorney,

Terence P. Reilly
Law Office of Brian M. Cullen
100 Summer Street, Suite 201
Boston, MA 02110-2106
(617) 772-2800
B.B.O. #555372

Dated: March 26, 2004

I certify that on **March 26, 2004** a true copy of the above document was served on the attorney of record for each other party by first class mail. _____.

Terence P. Reilly