UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*****************************************************************
DEANNA WOODS                              *
                                          *
    VS.                                   *   CIVIL ACTION #:
                                          *   1:04-CV-10431
                                          *
NICOLAS MARCANO, ET AL.                   *
*****************************************************************
```

## PLAINTIFF'S STATEMENT PURSUANT TO LOCAL RULE 16

The Plaintiff hereby submits her Statement pursuant to Local Rule 16 as follows:

Counsel were unable to confer with regard to the filing of a Joint Statement, despite attempts to do so. Plaintiff respectfully requests that the Court enter an Order as follows:

### Date/Place of Conference:

Attempted on several occasions.

### Counsel Representing:

For the Plaintiff:        Peter M. Solomon, Esquire

Elaine M. Kennedy, Esquire

### CASE SUMMARY

### Theory of Liability:

Negligence. Defendant, Nicolas Marcano, failed to operate his vehicle in accordance with the rules of the road of the Commonwealth of Massachusetts. Defendant, Carleton Peters, d/b/a Liberty Towing, failed to exercise reasonable care in instructing and/or supervising its employee, Nicolas Marcano, as a tow truck operator. Defendant, Carleton Peters, d/b/a Liberty Towing, failed to monitor the activities of Nicolas Marcano to ensure he conducted his driving activities in a safe, prudent and lawful manner; and/or failed to monitor his age and his driving ability.

**Theory of Defense:**

Defendants deny negligence and assert comparative and/or contributory fault on the part of Vanessa Woods and Elizabeth Anderson.

**Damages:** [Plaintiff to provide].

**Demand:** [Plaintiff to provide].

**Offer:** By August 1, 2004.

**Jurisdictional Questions:**

No jurisdictional questions are anticipated. The parties agree that Massachusetts substantive law applies.

**Questions of Law:** None anticipated at this time.

**Type of Trial:** Jury. The parties do not consent to trial by Magistrate Judge.

## Discovery Plan

**Discovery Needed:**
**By Plaintiff:**

Interrogatories, depositions and document production intended to further information concerning the facts as maintained by the Defendants and the defenses raised by the Defendants.

**By Defendant:**

Interrogatories, depositions, document production and Rule 35 exam, intended to obtain further information concerning the facts as alleged by the Plaintiff and the damages claimed by the Plaintiff.

**Completion of Discovery:**     March 1, 2005.

**Interrogatories:**

A maximum number of 50 interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to by the parties.

**Requests for Admission:**

A maximum number of 25 requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to by the parties.

**Depositions:**

A maximum of 10 depositions by the Plaintiff and 10 depositions by the Defendant. Each deposition is limited to a maximum of 8 hours unless extended by agreement of the parties.

**Dates of Disclosure of Experts and Experts' Written Reports and Supplementations:**

All experts, including treating physicians and other medical experts will be disclosed in compliance with Fed.R.Civ.P. 26(a)(2)(B).

Plaintiff's experts will be disclosed on or before August 1, 2004.

Defendants' experts will be disclosed on or before October 1, 2004.

## Other Items

*Joinder of Additional Parties:*

It is not anticipated that any additional parties will be joined; however, if so, they will be joined on or before July 15, 2004.

*Third Party Actions:*

It is not anticipated that any additional third party actions will be commenced. However, any additional third party actions must be commenced on or before July 15, 2004.

*Amendment to Pleadings:*

The parties agree that all amendments to pleadings will be completed on or before July 15, 2004.

*Dispositive Motions:*

   *Motions to Dismiss:* Filed on or before July 15, 2004.
   *For Summary Judgment:* Filed on or before February 1, 2005.

*Settlement Possibilities:*

The parties believe there is a chance of settlement. The parties will arrange for mediation through an outside source, if necessary.

*Witnesses and Exhibits:*

The parties will exchange witness lists 60 days prior to trial. Exhibit lists will be exchanged 30 days before the final pretrial conference as set by the Clerk's Notice of Trial Assignment.

*Ready for Trial:*

The case will be ready for trial after March 1, 2005.

4

***Trial Estimate:***

It is estimated that this case will require three (3) trial days.

***Preliminary Pretrial Conference:***

The parties do not request a preliminary pretrial conference with the Court before entrance of the Scheduling Order.

***Certification:***

The Plaintiff would like to establish a budget for the costs of conducting the full course and various alternative courses of the litigation; and to consider the resolution of the litigation through the use of Alternative Dispute Resolution programs such as those outlined in Local Rule 16.4.

Respectfully submitted,

Deanna Woods
By Her Attorney,
**Solomon Professional Association**

Dated: May 18, 2004      By: _____
Elaine M. Kennedy
One Buttrick Road, P.O. Box 937
Londonderry, New Hampshire 03053
(603) 437-3700
BBO #:

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2004, a copy of the foregoing Statement Pursuant to Local Rule 16 was mailed by United States mail, postage prepaid, to Terence P. Reilly, Esquire, Counsel for Defendants.

_____
Elaine M. Kennedy

5