UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE No. 04 CV 1431

DEANNA WOODS,
    Plaintiff
v.

NICHOLAS MARCANO and
CARLETON PETERS d/b/a
LIBERTY TOWING, CORP.,
    Defendants
    Third-Party Plaintiffs,
v.

ELIZABETH ANDERSON and
VANESSA WOODS
    Third Party Defendants

## ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL OF THE THIRD-PARTY DEFENDANTS, ELIZABETH ANDERSON AND VANESSA WOODS TO THIRD-PARTY COMPLAINT

Third Party Defendants, **ELIZABETH ANDERSON and VANESSA WOODS**, by and through its undersigned attorneys, hereby answers the Complaint and raises Affirmative Defenses thereto correspondingly as follows:

1. The Third-Party Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1 of the Third-Party Complaint, and accordingly deny same.

2. The Third-Party Defendants admit the allegations set forth in paragraph 2 of the Third-Party Complaint.

3. The Third-Party Defendants admit the allegations set forth in paragraph 3 of the Third-Party Complaint.

4. The Third-Party Defendants deny the allegations set forth in paragraph 4 of the Third-Party Complaint.

5. The Third-Party Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5 of the Third-Party Complaint, and accordingly deny same.

### Count I Contribution (Mercano v. Vanessa Woods)

6. The Third-Party Defendant re-allege and incorporate by reference their responses to paragraphs 1 through 5 above.

7. The Third-Party Defendants deny the allegations set forth in paragraph 7 of the Third-Party Complaint.

### Count II Contribution (Peters v. Vanessa Woods)

6. [sic] The Third-Party Defendants re-allege and incorporate by reference their responses to paragraphs 1 through 7 above.

7. [sic] The Third-Party Defendants deny the allegations set forth in paragraph [sic] 7 of the Third-Party Complaint.

### Count III Contribution (Mercano v. Anderson)

8. [sic]The Third-Party Defendants re-allege and incorporate by reference their responses to paragraphs 1 through 7 [sic] above.

9. [sic] The Third-Party Defendants deny the allegations set forth in paragraph [sic] 9 of the Third-Party Complaint.

10. [sic] The Third-Party Defendants deny the allegations set forth in paragraph [sic] 10 of the Third-Party Complaint.

### Count IV Contribution (Peters v. Anderson)

8. [sic] The Third-Party Defendant re-allege and incorporate by reference their responses to paragraphs 1 through 10 [sic] above.

9. [sic] The Third-Party Defendants deny the allegations set forth in paragraph [sic] 9 of the Third-Party Complaint.

10. [sic] The Third-Party Defendants deny the allegations set forth in paragraph [sic] 10 of the Third-Party Complaint.

Furthermore, Defendant denies each and every allegation of said Complaint not specifically admitted, controverted or denied.

### FIRST AFFIRMATIVE DEFENSE

Third Party Plaintiff was himself negligent and said negligence was the legal cause of any and all injuries and damages. Specifically, Third Party Plaintiff failed to use due care for his own safety and voluntarily exposed himself to the danger as alleged in the Complaint. Third Party Plaintiff's actions were the proximate cause of all damages. Under the principles of contributory negligence, Plaintiff's recovery, if any, should be reduced in proportion to his own negligence.

### SECOND AFFIRMATIVE DEFENSE

Third Party Plaintiff assumed the risk caused by his actions, the taking of which was the legal cause of any and all injuries and damages.

### THIRD AFFIRMATIVE DEFENSE

Third Party Plaintiff has failed to mitigate his damages.

### FOURTH AFFIRMATIVE DEFENSE

Third Party Plaintiff's Complaint fails to state a cause of action for which relief may be granted against this Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Third Party Defendants are entitled to a set-off of any and all payments or collateral sources as provided by law.

## SIXTH AFFIRMATIVE DEFENSE

Third Party Defendants affirmatively allege that the Third Party Plaintiff has received accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

Third Party Defendants affirmatively allege that the damages sought herein are due to the negligence of third persons as yet unknown to this Third Party Defendant and any recovery had shall be apportioned and reduced accordingly.

## EIGHTH AFFIRMATIVE DEFENSE

Third Party Defendants affirmatively allege that the damages sought herein are due to the intentional wrongful, tortious and/or criminal acts of third persons as yet unknown to this Defendant and any recovery had shall be barred, apportioned and/or reduced accordingly.

## NINTH AFFIRMATIVE DEFENSE

Third Party Plaintiff is barred from bringing this action as it is barred by the applicable Statute of Limitations.

## TENTH AFFIRMATIVE DEFENSE

Third Party Plaintiff is barred from bringing this action due to the doctrine of estoppel.

## DEMAND FOR JURY TRIAL

Third Party Defendants hereby demand a trial by jury of issues so triable.

WHEREFORE the reasons set forth above, Third Party Defendants deny liability and request entry of an Order in favor of Third Party Defendants and such other relief as deemed appropriate herein.

                                                Respectfully submitted,
For the Third Party Defendants,
Elizabeth Anderson and Vanessa Woods,
By their attorney,

Daniel P. Gibson (BBO#191110)
GIBSON & BEHMAN, PC
One Mountain Road
Burlington, MA  01803
(781) 229-6667

DATE: June 28, 2004

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoing has been furnished this day via U.S. Mail to counsel for Plaintiff, Elaine M. Kennedy, Esq., Solomon Professional Associates, One Buttrick Road, POB 937, Londonderry, NH 03053 and counsel for Third Party Plaintiffs Terrence P. Reilly, Esq., Law Offices of Brian M. Cullen, 100 Summer Street, Boston, MA 02110.

Daniel P. Gibson, Esq.

F:\Tpc\TPC93\PLEADINGS\TPC93.answer.aff.def..doc